# ARTHUR H. FORMAN
*Attorney at Law*

98-20 Metropolitan Avenue
Forest Hills, New York 11375

Tel: 718-268-2616  Fax: 718-575-1600
e-Mail: ahf@ahforman.com

October 17, 2019

Hon. William F. Kuntz, II
U.S. District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  Francisco v. NY Tex Care, Inc., et al.
> Case No. 19-CV-04606 (WFK)(PK)

Dear Judge Kuntz:

This office represents the defendants Insun Yun and NY Tex Care, Inc. d/b/a Green & White Dry Cleaners ("Green & White") in the above referenced action. This letter is respectfully submitted pursuant to your Honor's individual motion practices and rules, Sections III (B)(1) and (3), to request a pre-motion conference in anticipation of defendants' filing a motion to dismiss the complaint in its entirety pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a cause of action.

Plaintiff alleges she was employed by Green & White as a dry clean presser from September 2017 to January 7, 2019 (¶17)[1]  She brought this action on behalf of herself and other employees of Green & White for whom defendants "served/filed knowingly false IRS Form 941 quarterly tax returns... by failing to identify plaintiff and other employees..." on the quarterly tax return forms (¶28).  Plaintiff alleges defendants failed to deduct withholding taxes from her wages (¶18), and failed to report her wages as W-2 income (¶22). She alleges she is entitled to damages pursuant to Section 7434 of the Internal Revenue Code, 26 U.S.C. §7434, based on defendants' alleged willful filing of tax information with the Internal Revenue Service ("IRS") which fraudulently failed to include plaintiff's wage information on the return. (¶1).

In *Katzman v. Essex Waterfront Owners LLC*, 660 F. 3d 565 (2nd Cir. 2011), the second circuit dismissed a purported class action brought by a tenant against her landlord seeking damages based upon the same statute on account of the landlord's alleged willful failure to file IRS information returns reporting the amount of interest plaintiff had earned on the security deposit she had paid to the landlord.  The Court held that the plain language of IRC § 7434 does not apply to an alleged failure to file a required tax return. *Katzman, supra,* 660 F. 3d at 568.

---

[1] All references are to the numbered paragraphs of the Complaint. (ECF Doc. 1).

Similarly, *Pacheco v. Chickpea at 14th Street Inc.*, 18-Cv-6907 (JMF), 2019 WL 3749318 (S.D.N.Y., Aug. 8, 2019), was a case brought by plaintiff's counsel, C.K. Lee, in the Southern District. The day before Mr. Lee filed the instant action, Judge Furman dismissed the *Pacheco* action holding, plaintiff "does not allege that Defendants maliciously reported false payments to the IRS; instead, he alleges that Defendants failed to report anything about him at all." (*Id* at *2). Pacheco alleged he worked as a dishwasher at Defendants' restaurants. He brought the action under I.R.C. §7434 alleging Defendants had failed to report his wages when they filed IRS Form 941 quarterly tax returns. These are the exact same allegation made in the instant Complaint. In fact, Mr. Lee filed a separate FLSA wage action in that matter, just as he has done here. *Pacheco, supra*, 2019 WL 229264 at *1 (S.D.N.Y. May 30, 2019).

For the reasons stated by the court in *Pacheco*, defendants request a pre-motion conference in anticipation of their filing a motion to dismiss the Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6).

Respectfully submitted,

_____/S/_____
Arthur H. Forman, Esq.
98-20 Metropolitan Avenue
Forest Hills, New York 11375
(718) 268-2616

*Attorney for Defendants*

AHF/ms