UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HERLINDA FRANCISCO,
*on behalf of herself and class of similarly situated individuals*,

                    **MEMORANDUM & ORDER**
                    19-CV-4606 (PKC) (ST)

                Plaintiff,

            - against -

NYTEX CARE, INC., d/b/a GREEN &
WHITE DRY CLEANERS, and
INSUN YUN,

                Defendants.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        Plaintiff Herlinda Francisco brings this action against NYTex Care, Inc., and Insun Yun, on behalf of herself and a class of similarly situated individuals, alleging that Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS"), in violation of 26 U.S.C. § 7434. (*See* Complaint ("Compl."), Dkt. 1, at ¶ 1.) More specifically, Plaintiff alleges that, while she was employed as a presser at Defendants' dry cleaners, they "served/filed or caused to be served/filed knowingly false annual tax returns for at least calendar years 2010 through 2016 by failing to identify Plaintiff and other employees as employees, failing to accurately state the amount of wages paid, and failing to pay the required employment taxes on their behalf." (*Id.* at ¶¶ 17, 27.)

        This case was initially assigned to the Honorable William F. Kuntz, II. On October 17, 2019, Defendants requested a pre-motion conference to discuss a forthcoming motion to dismiss (*see* Dkt. 7); Judge Kuntz granted the pre-motion conference request on October 18, 2019. Following the reassignment of the case on November 21, 2019 to the undersigned, the Court construed Defendants' motion for a pre-motion conference as a motion to dismiss and heard oral

argument on the motion on December 4, 2019. (*See* Docket Orders dated November 21, 2019 and November 26, 2019.) Although Plaintiff's counsel failed to appear in Court, he was connected to the hearing via telephone. Despite having filed two letters setting forth Plaintiff's opposition to the motion (Dkts. 8, 11), including one filed the night before the argument, Plaintiff's counsel declined to articulate his client's position at the argument, stating he was unprepared to do so. (*See* December 4, 2019 Minute Entry.) The Court has nonetheless considered Plaintiff's arguments from his written submissions, along with Defendants' written submissions, in reaching its decision. Because Plaintiff's claim does not fall within the ambit of the private right of action created by 26 U.S.C. § 7434(a), the Court grants Defendants' motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013). In considering a motion to dismiss for failure to state a claim, courts "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual

allegation." (internal quotation marks omitted)). "Dismissal is appropriate when it is clear from the face of the complaint that the plaintiff's claims are barred as a matter of law." *Biocad JSC v. F. Hoffman-La Roche*, 942 F.3d 88, 93 (2d Cir. 2019) (internal quotation marks and alterations omitted). A claim fails as a matter of law when the statute under which the complaint is brought does not provide a private right of action to enforce. *See Hill v. City of New York*, 136 F. Supp. 3d 304, 350–51 (E.D.N.Y. 2015); *Jacob's Vill. Farm Corp. v. Yusifov*, No. 14-CV-4109 (PKC), 2015 WL 5693706, at *6–7 (E.D.N.Y. Sept. 28, 2015).

**DISCUSSION**

Defendants assert that the Second Circuit has expressly foreclosed the claim Plaintiff seeks to bring in this case. (Dkt. 7 at ECF[1] 1.) The Court agrees, and finds that the plain language of 26 U.S.C. § 7434(a) only provides a right of action for people who are victims of willful filings of fraudulent information returns with respect to payments purportedly made to them. *See Katzman v. Essex Waterfront Owners LLC*, 660 F.3d 565 (2d Cir. 2011) (*per curiam*); *Pacheco v. Chickpea at 14th Street, Inc.*, No. 18-CV-6907 (JMF), 2019 WL 3749318 (S.D.NY. Aug. 8, 2019).

Statutory interpretation begins with the text of the statute, looking to its plain language and the specific context in which the language is used. *Yan Yang v. Barr*, 939 F.3d 57, 61–62 (2d Cir. 2019). Section 7434(a) provides: "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."[2] 26 U.S.C. § 7434(a). In *Katzman*, the Second Circuit, based on the plain language of Section 7434(a), concluded:

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2] The parties do not dispute whether IRS Form 941, the form at issue, is the type of document that falls within the ambit of the statute.

3

> The private right of action created by § 7434(a) applies only if any person *willfully files* a fraudulent information return. We must give the term "willfully files" its ordinary meaning, which plainly does not encompass an alleged *failure* to file a required information return. We thus join the district court and other courts that have considered the issue to hold that an allegation that a person intentionally failed to file a required information return does not state a claim under § 7434.

660 F.3d at 568 (internal quotation marks, alterations, and citations omitted). The Circuit further noted that "although we are not required to look to legislative history[,] . . . the Report of the House Committee on Ways and Means accompanying the Taxpayer Bill of Rights 2 is fully consistent with our conclusion." *Id.* at 569. The Circuit explained that the legislative history

> states that § 7434 was enacted to address the fact that "[s]ome taxpayers may suffer significant personal loss and inconvenience as the result of the IRS receiving fraudulent information returns, which have been filed by persons intent on either defrauding the IRS or harassing taxpayers." The Committee made clear, however, that it did not intend "to open the door to unwarranted or frivolous actions or abusive litigation practices." Nothing in the legislative history suggests that Congress wished to extend the private right of action that it created to circumstances where the defendant allegedly failed to file an information return.

*Id.* (internal citations and alterations omitted; internal quotation marks not referencing the text of the Committee Report omitted).

Although Plaintiff tries to shoehorn his claim into the language of Section 7434 by alleging that "Defendants willfully and fraudulently filed false returns . . . by failing to report Plaintiff[] and other employees" (Compl., Dkt. 1, at ¶ 21), this allegation does not state a claim under Section 7434(a). First, as held in *Katzman*, Section 7434 "plainly does not encompass an alleged *failure* to file a required information return." *Katzman*, 660 F.3d at 568 (giving "'willfully files' its 'ordinary meaning'") (internal citations omitted). In reality, that is the claim that Plaintiff makes, *i.e.*, that Defendants *failed* to file a return as to Plaintiff and other employees. Second, Section 7434 requires that the filed return be fraudulent "with respect to payments purported to be made to any other person," *i.e.*, that the filed return falsely report payments as being made to someone

4

when they, in fact, are not. It is that person, the purported payee, who is authorized to bring a civil action under Section 7434. Indeed, the facts alleged by Plaintiff present a situation that is virtually opposite of what the statute prohibits. Whereas the statute prohibits the filing of a return that falsely reports that a person was paid by the filer, Plaintiff alleges that Defendants failed to file a return accurately reporting that Plaintiff and other employees were paid by Defendants.

*Pacheco v. Chickpea at 14th Street, Inc.*, a case with almost identical facts, brought by the same attorney, was recently decided in the Southern District of New York. In *Pacheco*, the court held that, based on the plain language of Section 7434, the plaintiff failed to state a claim because he did not allege that the defendant had filed a tax form containing fraudulent information with respect to payments made to him. 18-CV-6907 (JMF) (GWG), 2019 WL 2292641, at *3–4 (S.D.N.Y. May 30, 2019), *report and recommendation adopted*, 2019 WL 3749318. As here, the plaintiff in *Pacheco* alleged that the form was false by virtue of *not* reporting payments made to him and others—a situation the court found was not covered by the statute. *Id*. The Report and Recommendation in that case, adopted by the district court, follows the lead of *Katzman* by beginning with the statute's plain language and then buttressing its interpretation with the statute's legislative history, even though it was not required to do so. The *Pacheco* court first noted that Section 7434's legislative history, "although meager in its discussion of the provision—explained that without the passage of § 7434, '[f]ederal law provides no private cause of action to a taxpayer who is injured because a fraudulent information return has been filed with the IRS asserting that payments *have been made to the taxpayer*.'" *Pacheco*, 2019 WL 2292641, at *5 (quoting H.R. Rep. 104–506, at 35 (1996), reprinted in 1996 U.S.C.C.A.N. 1143, at *1158). Magistrate Judge Gorenstein explained that

> [t]his sentence makes clear that the statute is concerned with statements asserting that payments were made to a particular taxpayer, who is the only person authorized

5

to bring suit. Form 941, on the other hand, lists only aggregate payments without reference to a particular employee. The "[r]easons for change" section of the House Report similarly suggests that section 7434 was intended to assist an aggrieved taxpayer whose employer made fraudulent statements about the wages paid to that taxpayer in particular. The provision reads: "Some taxpayers may suffer significant personal loss and inconvenience as the result of the IRS receiving fraudulent information returns, which have been filed by persons intent on either defrauding the IRS or harassing taxpayers." This provision suggests the law is concerned with situations in which an individual filing a tax return on another's behalf misreports the amount paid in order to saddle the individual who is the subject of the tax return with additional tax liability.

*Id.* at *5 (citations omitted).[3]

Courts in this Circuit are not the only ones that have reached the same conclusion. For example, the Eleventh Circuit has held that

[a]s with all questions of statutory interpretation, our inquiry begins with the statutory text, and ends there as well if the text is unambiguous . . . [Section 7434] is unambiguous on the issue of who may bring a civil action for damages; it is the "other person" to whom payments were purportedly made according to the fraudulent information return. In this case, the allegedly fraudulent information return purports that payments were made to [a third party]. Nothing in the return indicates payments were made to [the plaintiff]. . . . Adopting [plaintiff]'s theory— that § 7434 authorizes his suit because the information return should have reflected payments that should have been made to him under a different employment classification—would require us to rewrite the text of the statute. In essence, [plaintiff] suggests the statute authorizes a suit by anyone adversely affected (whether directly or indirectly) by a fraudulent information return. While Congress could have written such a broad statute, it did not do so in § 7434.

*Baker v. Batmasian*, 730 F. App'x 776, 779 (11th Cir. 2019); *see also Greenwald v. Regency Mgmt. Servs., LLC*, 372 F. Supp. 3d 266, 270 (D. Md. 2019) (collecting district court cases "conclud[ing] that § 7434(a) creates a private cause of action only where an information return is

---

[3] To the extent that Plaintiff argues that, in *Pacheco*, "the Court went against the [Second] Circuit's plain language reasoning in *Katzman*" to look to the legislative history, the Court disagrees. (Dkt. 11 at ECF 2.) As discussed above, far from ignoring *Katzman*, the *Pacheco* court followed the same approach used in *Katzman* by first looking to the statute's plain language and then, though not required to do so, buttressing its interpretation of the statute with a supplemental analysis of the statute's legislative history.

6

fraudulent with respect to the amount purportedly paid to the plaintiff" (internal quotation marks omitted)).

In sum, the Court finds that Section 7434 does not provide a private right of action for people, like Plaintiff, who allege that their employer filed a tax document that was fraudulent, in that it did not report payments made to Plaintiff and other employees. That claim, in reality, is one alleging the failure to file a tax document regarding payments actually made to an employee—versus the filing of a tax document falsely reporting payments that were never made to an employee—and is not covered by Section 7434. Therefore, Plaintiff has failed to state a claim under 26 U.S.C. § 7434.

## CONCLUSION

For the reasons stated herein, the Court grants Defendants' motion to dismiss in its entirety and finds that it "is clear from the face of the complaint that [Plaintiff]'s claims are barred as a matter of law." *See Biocad JSC*, 942 F.3d at 93 (internal quotation marks and alterations omitted).

The Clerk of Court is respectfully requested to enter judgment and terminate this action accordingly.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 10, 2019
       Brooklyn, New York